**Arvin Truitt WOOD, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–73–134.**

Court of Criminal Appeals of Oklahoma.

Sept. 13, 1973.

Don Anderson, Public Defender, Oklahoma County, for appellant.

Larry Derryberry, Atty. Gen., for appellee.

OPINION

BUSSEY, Judge:

Appellant, Arvin Truitt Wood, hereinafter referred to as defendant, was charged,

tried and convicted in the District Court of Oklahoma County, Case No. CRF–72–2101, for the offense of Unlawful Sale of a Controlled Dangerous Substance, After Former Conviction of a Felony, his punishment was fixed at fifteen (15) years imprisonment and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial Michael Brown testified on July 13, 1972, he was employed as an undercover agent of the Oklahoma City Police Department; that at approximately 11:55 p. m. he went to defendant's residence, was admitted and had a conversation with defendant concerning the purchase of some amphetamines. He had a prior conversation with defendant approximately two weeks earlier wherein defendant stated that he would have some drugs in the near future. Defendant said he could procure an ounce for $250 and asked if Brown would advance him the money, stating that it would be safe because he was doing business with his brother. Brown refused to advance him the money and defendant stated that the ounce would cost $25 more. He told defendant that he would have to go scrape up more money and met Detective McBride and Charles Ryan at a prearranged place. They gave Brown additional money and he returned to defendant's home. Defendant returned about 7:25 a. m. with two clear plastic bags containing a brown powder. Brown gave defendant $260 for one of the bags, declared by the defendant to contain 35 grams. Brown returned to the prearranged location and gave the bag to Officer McBride. McBride put the bag into an evidence envelope and sealed the envelope with an Oklahoma City Police Department Evidence Seal #4661.

Detective McBride testified that he was acting as surveillance for Officer Brown on the evening and morning in question. He followed Brown to defendant's home and later met Brown at a prearranged location, giving him additional money. At approximately 7:30 a. m., he met Officer Brown and received from him a plastic bag of brown powdery substance which he sealed in an evidence envelope seal #4661.

Officer Clark testified that he took evidence envelope #4661 to the State Bureau of Investigation.

John McAuliff and Ronald Clodfelter testified that they were chemists with the Oklahoma State Bureau of Investigation and each had separately analyzed the contents of evidence envelope #4661 and determined that it contained amphetamine.

Defendant did not testify nor was any evidence offered in his behalf.

 The first proposition asserts that the verdict is not supported by the evidence. We have consistently held that where there is competent evidence in the record from which the jury could reasonably conclude that the defendant was guilty as charged, the Court of Criminal Appeals will not interfere with the verdict, since it is the exclusive province of the jury to weigh the evidence and determine the facts. Turner v. State, Okl.Cr., 479 P.2d 631.

 The final proposition contends that the punishment is excessive. We are of the opinion that this proposition is well taken. The record reflects that in the second stage of the proceedings, the jury was instructed that the minimum punishment was ten years imprisonment as provided by 21 O.S. § 51. The Information reflects that defendant was charged with Unlawful Distribution of a Controlled Substance, Amphetamine, After Former Conviction of the Offense of Sale of Marijuana. In Ellison v. State, Okl.Cr., 493 P.2d 837, we stated in the first Syllabus:

"Where information for Possession of Narcotics alleges two or more convictions for violations of narcotic or marijuana law, defendant is subject to punishment prescribed under specific legislation relating to narcotics, and not habitual criminal statute."

The judgment and sentence is accordingly modified to a term of nine (9) years imprisonment, and as so modified, the judgment and sentence is affirmed.

BLISS, P. J., and BRETT, J., concur.